This is a suit under the Workmen's Compensation Act, Act No. 20 of 1914, wherein plaintiff alleges that on November 9, 1943, while employed by the Aluminum Company of America upon its premises located in the Parish of East Baton Rouge, in the capacity of a pump operator, petitioner suffered an injury to the index finger of his right hand, which resulted in the stiffening of the first and second phalangeal joints, causing a condition which renders him totally and permanently disabled from doing the work he was doing at the time and any work of a reasonable character. Plaintiff asks for compensation for total permanent disability at the rate of $20 a week beginning November 16, 1943, and for an additional sum of $250 for necessary medical expenses. He has made the Ætna Casualty Insurance Company, the compensation insurer of the Aluminum Company of America, defendant.
Defendant, in its answer, admits the accident, admits that as a result of the accident plaintiff's right index finger is stiff to some extent, but denies the other material allegations of plaintiff's petition, contending in effect that it paid plaintiff all compensation *Page 344 
due him and furnished him all necessary medical treatment, and that from the time of his discharge plaintiff suffered no compensable disability, nor needed any additional medical treatment.
The trial court, after hearing the case, came to the conclusion that plaintiff was entitled to compensation at the rate of $20 per week for a period of 20 weeks, subject to a credit for the one week previously paid. In other words, he decided that plaintiff did not have a disability which prevented him from doing the kind of work he is fitted for, but that his index finger had been in effect disabled 66 2/3%. Plaintiff has appealed contending that the testimony supports his claim of permanent total disability, or, in the alternative, entitles him to judgment for permanent partial disability. Defendant has answered the appeal, asking a reduction in the award to 16 weeks, contending that he is only entitled to the period of total disability in that the permanent impairment in the use of the finger would not exceed the equivalent of the loss of two phalanges which, under paragraph 11, Subsection 1(d) of Section 8 would entitle him to one-half of the amount specified in paragraph 2, Subsection 1(d), Act No. 242 of 1928, pp. 357, 358, or compensation during fifteen weeks, but not both.
It is clearly established by the evidence that at the time of the accident plaintiff was employed by The Aluminum Company as a utility man and that on November 9, 1943, he was assigned as a pump operator and while engaged in packing a pump his right index finger was accidentally lacerated, and thereafter he was sent to Dr. Long, the Company doctor, for treatment. Dr. Long took several sutures in the finger at the time and dressed it several times thereafter and on November 15th he discharged plaintiff as able to return to work on November 29th. Plaintiff testified that on the day he was supposed to return to work his finger was still swollen and busted open and painful, but reported to work and told his foreman that he wanted light duty and that the foreman informed him that he was needed in his regular job and did not assign him to light duty. This is denied by the witnesses for the defendant, including the foreman, who testified that plaintiff never made any attempt to return to work, and that finally, on January 11th he was notified that he was stricken off the roll. Plaintiff denies having received such notice of his discharge, but admits that he turned in his badge some time after the letter is supposed to have been written.
Plaintiff testified further that since his injury the only type of work he has done is plowing at the rate of $2.50 a day, six days per week (10 hours per day) and that intermittently he tended a motor for a well driller at $3 a day, later increased to $4.50 a day, 6 days a week. It seems that prior to his injury he had had about two years' experience at the most in industrial work, and that prior thereto he had been a farmer and well driller.
Dr. Kern, witness for plaintiff, testified that he examined plaintiff on May 23, 1944, limiting his examination to the index finger of the right hand, and that he found that his interphalangeal joint was swollen and painful, that he had flexion of not more than 90° and limited extension, and that he made a diagnosis of traumatic arthritis of this joint, and concluded that the condition would be permanent. He testified further that in his opinion plaintiff was disabled to do work which would necessitate the screwing and Unscrewing of bolts, the packing of pumps requiring pushing with the fingers and such other strenuous manipulations involved in a pump man's job or in other work which would necessitate the use of his hand to grip with and to wrap around a tool; that gripping even in plowing was injurious to his traumatic arthritis.
Dr. Williams, X-Ray specialist, testified that he took an X-ray of plaintiff's right index finger on December 16, 1943, and made a diagnosis of hypertrophic arthritis of the first interphalangeal articulation between the first and second phalanges and to a less marked degree of the interphalangeal articulation between the second and third distal phalange.
Dr. Long, testifying for defendant, testified that at the time of the trial he found plaintiff's finger in about the same condition it was some months prior thereto and that there was some impairment of function with probably about 20% reduction of extension of the finger and about 20% in marked flexion, and that there was no inflammation, but that apparently there was an increased fibrosis in the joint, with some impairment of function as stated; that because of the increased fibrosis there is an ankylosis, and impairment of function of the joint itself. He *Page 345 
expresses the opinion that plaintiff is qualified to do work of a reasonable character and work of any kind that would not require him to go farther than his limitation of motion in his right index finger. He believes that plaintiff's condition is permanent to a degree, but that with proper manipulation he can get more function in the joint later.
Dr. Godfrey, witness for defendant, testifies that he examined plaintiff on December 16, 1943, and that at that time he would say that the right index finger was at least 50% disabled; that motion was quite distinctly restricted; that there was enough swelling and redness present to indicate that the first phalange joint was probably sensitive or painful, and that if he were doing work that demanded heavy use of his right index finger he would not be able to do it very well because of discomfort, swelling and limited motion, and that such disability would last, on an average, not over two more months, thus making a total disability of not more than sixteen weeks. He testified that he saw him again on May 23, 1944, and that in this examination he found that redness had disappeared from the finger and that considerable of the swelling of the first phalangeal joint had disappeared, but some still existed; that the joint at that time had returned to normal flexion, but was limited in extension; that at the time of this second examination plaintiff was fully capable of doing work of a reasonable character and was capable of resuming his work as a pump man. Dr. Godfrey, it seems, in the past had had experience as a pump man himself and apparently was fully aware of the duties of that job. He states, like Dr. Long, that plaintiff can do any work that will not require him to exceed the present limited extension of his right index finger, and adds that he can think of no work which could possibly require him to exceed that limited extension of his right index finger.
In addition to the medical testimony of Dr. Long and Dr. Godfrey to the effect that plaintiff is not disabled from doing the work of a pump man or work of a reasonable character, the defendant produced the testimony of several of their experienced men on pump operation and all of these express the definite opinion, upon examining plaintiff's finger, that he could do the work satisfactorily. In fact, one expert testified that he had a pump man working under him who had a ring finger and third finger in a stiffened condition and that this man did satisfactory work as a pump man for several months under his personal supervision.
[1-3] In compensation cases, like in other cases, the burden of proof rests upon plaintiff to make his case certain. In this case, not only has plaintiff failed to bear the burden of proof, but it is our opinion that the evidence preponderates in favor of the defendant that plaintiff's injured right index finger does not disable plaintiff in doing work of a reasonable character, either totally or partially. Evidently, the trial judge based his award of twenty weeks on Dr. Godfrey's testimony, and awarded plaintiff a 66 2/3% disability of the index finger, the compensation statute providing for a period of 30 weeks for the total loss of the index finger. We find this award to be fair.
For these reasons, the judgment appealed from is affirmed.